Alla Kachan, Esq.
Law Offices of Alla Kachan, P.C.
3099 Coney Island Avenue, 3rd Floor
Brooklyn, New York 11235
Tel.: (718) 513-3145

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY (TRENTON)
-----------------------------------------------------------X
In re:

                                                Case No.: 1-16-20278-cmg

Yvette Davidov and Mikhail Davidov,                   Chapter 11

                Debtor.
-----------------------------------------------------------X

## NOTICE OF MOTION OF ORDER TO ENTER FINAL DECREE

**PLEASE TAKE NOTICE**, that the Hearing for an attached proposed order for an application to enter final decree shall be conducted before Honorable Judge Christine M. Gravelle, United States Bankruptcy Judge, for signature on **December 5, 2017 at 2:00 P.M.**

**PLEASE TAKE FURTHER NOTICE**, that unless a written objection to the proposed order to enter final decree, with proof of service, is filed with the Clerk of the Court, with a courtesy copy to chambers, at least three (3) days before the Hearing Date, the order may be signed. Objections, if any, must be in writing setting forth the facts and authorities upon which an objection is based, filed with the Clerk of the Court, United States Bankruptcy Court –District of New Jersey, USBC Federal Courthouse, Courtroom # 3, 402 E. State Street, Trenton NJ 08608, with two (2) copies to Chambers, provided, however, that pursuant to *general order* No. 399 re Electronic Case Filing Procedures (as amended from time to time), entities with Internet access shall file

objections (formatted with Adobe Acrobat, rider 3.0) at http:// www.njb.uscourts.gov, which objections shall be served so as to be received by the attorneys for the Debtor, Law Offices of Alla Kachan, P.C. 3099 Coney Island Avenue, 3rd Floor, Brooklyn, NY 11235, and the United States Trustee's Office, District of New Jersey, Office of The United States Trustee, One Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark, NJ 07102. Attn: Benjamin Teich, Esq., no later than December 4, 2017.

**PLEASE TAKE FURTHER NOTICE**, that if a written objection to the proposed order to enter final decree is timely filed, the court will notify the moving and objecting parties of the date and time of the hearing and of the moving party's obligation to notify all other parties entitled to receive notice. The moving and objecting parties are required to attend the hearing, and failure to attend in person or by counsel may result in relief being granted or denied upon default.

**PLEASE TAKE FURTHER NOTICE**, that the ECF docket number to which the filing relates shall be included in the upper right hand corner of the caption of all objections.

**DATED:**   Brooklyn, New York
November 3, 2017

/s/ Alla Kachan
Alla Kachan, Esq.
Law Offices of Alla Kachan
3099 Coney Island Avenue, 3rd Fl.
Brooklyn, NY 11235
Tel.: (718) 513-3145

Alla Kachan, Esq.
Law Offices of Alla Kachan, PC
3099 Coney Island Avenue, 3rd Floor
Brooklyn, New York 11235

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY (TRENTON)

------------------------------------------------------------X

In re:

                                                     Case No.: 1-16-20278-cmg

Yvette Davidov and Mikhail Davidov,                        Chapter 11

                Debtors.

------------------------------------------------------------X

## APPLICATION

**TO THE HONORABLE CHRISTINE M. GRAVELLE,
UNITED STATES BANKRUPTCY JUDGE:**

      The Application of Yvette Davidov and Mikhail Davidov, (the "Debtors") by its attorney, Law Offices of Alla Kachan, PC, respectfully represent:

1. The Debtor commenced this proceeding by filing a voluntary petition in the United States Bankruptcy Court for the District of New Jersey under Chapter 11 of the Bankruptcy Code, on May 26, 2016 (the "Petition Date").

2. On June 09, 2016 the Debtor filed a motion seeking the retention of Alla Kachan, Esq. as bankruptcy counsel for the Debtor.

3. By an Order of the Court dated June 21, 2016 Alla Kachan's retention was approved on behalf of the Debtor.

4. On June 09, 2016 the Debtors filed a motion seeking the retention of AFZ Accounting Services, LLC., as bankruptcy accountant for the Debtors.

5. By an Order of the Court dated June 21, 2016, AFZ Accounting Services, LLC., retention was approved on behalf of the Debtor.

6. Pursuant to Section 341 of the Bankruptcy Code, a meeting of creditors was held on July 7, 2016.

7. The order confirming the Plan became final on October 19, 2017, and the payments under the Plan have commenced in October of 2017. Thus the plan has been substantially consummated as provided in §1101(2) of the Code.

8. The case is ready to be closed.

9. Under Bankruptcy Rule 3022, a party in interest may move for the entry of a Final Decree closing the case. The two factors applicable on the facts of the instant case, of the five generally considered by the courts in closing the case, are as follows: 1) The order confirming the plan has become final and 2) The payments under the plan have commenced and in the instant case, completed.

10. Upon information, knowledge, and belief, the Plan has been fully implemented and substantially commenced in accordance with the terms of the Plan, §350(a) of the Code and Rule 2015(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

11. Previously filed with the Court, incorporated herein and made a part hereof is this Court's Form entitled "Bankruptcy Closing Report" which, upon information, knowledge, and

belief, reflects, <u>inter alia</u>, the fees and expenses in connection with the administration of the Debtor's Chapter 11 Case.

12. All amounts due the Office of the United States Trustee on account of quarterly fees due and owing through the 1st quarter of 2017 will be paid within seven (7) days of entry of the order.

13. The operating report for the month of October 2017, as well as a letter setting forth the income projections of the Debtor for the month of October 2017, will be prepared by the accountant in the case and filed by November 25th, 2017.

14. The Office of the United States has been served with a copy of this application, the Bankruptcy Closing Report and the Final Decree. Debtors' counsel has reviewed the Final Decree and related documents and supports entry of the Final Decree.

15. A proposed form of Final Decree is annexed hereto.

**WHEREFORE**, the Debtors respectfully requests the issuance by this Court of a Final Decree pursuant to Bankruptcy Rule 3022 closing the Debtors' Chapter 11 Case, and for such other and further relief as the Court may deem just and proper.

**DATED:**   Brooklyn, New York
November 3, 2017

_____
Alla Kachan, Esq.
Law Offices of Alla Kachan
3099 Coney Island Avenue, 3rd Fl.
Brooklyn, NY 11235
Tel.: (718) 513-3145

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY (TRENTON)
-----------------------------------------------------------------X
In re:

                                                                                  Case No.: 1-16-20278-cmg

Yvette Davidov and Mikhail Davidov,                      Chapter 11

              Debtors.
-----------------------------------------------------------------X

## FINAL DECREE

Upon the application of Yvette Davidov and Mikhail Davidov, dated November 3, 2017 (the "Application"), by its attorneys, Law Offices of Alla Kachan, P.C., for an Order granting a Final Decree in this case; and it having been represented and it appearing that the estate of the Debtors has been fully administered pursuant to the confirmed Plan of Reorganization of Yvette Davidov and Mikhail Davidov (the "Plan"); and it also appearing that notice of the submission of the Application and service of a copy thereof was duly and timely made upon the Office of the United States Trustee and that no objection was made to granting the relief requested therein, and sufficient cause appearing to me therefor, it is

**ORDERED**, that the above-captioned Chapter 11 Case be, and it hereby is, closed; and it is further

**ORDERED,** that the debtor will provide an affidavit of disbursements and pay all fees pursuant to 28 USC 1930(a)(6) and any applicable interest thereon within seven (7) days of entry of the order.